**FILED**

APR 1 3 2015

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                              DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Respondent(s), | ) Cause No.: 4:13-cr-00388-RAJ-5 |
| | ) Time:_____ |
| vs. | ) Date:_____ |
| | ) Place: United States Courthouse |
| SERGIO OLIVEROS-MARTINEZ , | ) Western District of Texas |
| DEFENDANT. | ) 1st Floor |
| | ) 410 South Cedar Street |
| | ) Pecos, TX 79772 |

## NOTICE OF MOTION

PLEASE TAKE NOTICE Sergio Oliveros-Martinez . Defendant, acting in pro se status in the above styled and entitled cause of action, on November 1, 2014, or shortly thereafter, at the appointed time and designated place, the United States Courthouse, Western District of Texas, United States Courthouse, 1st Floor, 410 South Cedar Street, Pecos, TX 79772 , will move this Honorable Court for a reduction in the One Hundred Sixty-eight Months  sentence the court imposed in this case on  February 18, 2014.

This motion is made pursuant to 18 U.S.C. § 3582(c)(2) and is based upon the attached memorandum of points and authorities, all files and records in this case, and such further argument and supplemental supporting documents as may be presented in the pleading of this  motion.

Respectfully Submitted,

this      day of           , 2015 .

*Sergio Oliveros Martinez*

SERGIO OLIVEROS-MARTINEZ
prose
Fed. Reg, 17061-280
FCI FORT WORTH
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 15330
FORT WORTH, TX 76119

- 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

UNITED STATES OF AMERICA,    )
            Respondent,      )
                             )
    Vs.                      )
                             )        Case No.:
Sergio Oliveros-Martinez,    )        4:13-cr-00388-RAJ-5
            Defendant.       )
                             )
                             )
_____)

---

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REDUCTION OF SENTENCE UNDER GUIDELINE AMENDMENT 782

### I.
### INTRODUCTION

On April 30, 2014, the U.S. Sentencing Commission voted to lower the drug quantity table by two offense levels, which will lower drug sentences imposed after November 1, 2014. This is known as Amendment 782.

Subsequent to the effective date of this amendment to § 2D1.1, the Sentencing Commission considered whether to make the amendment retroactive under the authority created by 18 U.S.C. § 3582(c) (2). Amendment 782 is included in this amendment in the list of retroactive amendments in § 1B1.10 of the guidelines

On February 18, 2014, Sergio Oliveros-Martinez was sentenced to serve 168 Months of imprisonment for violation of 21:846 MD.F CONSPIRACY TO DISTRIBUTE MARIJUANA. He subsequently was placed on Supervised Release for a period of Five Years.

The sentence of One Hundred Sixty-eight months imposed by the Court was calculated pursuant to the sentencing guidelines with a base offense level computed under the qualifying calculations § 2D1.1 and /or 2D1.11 of the guidelines.

Amendment 782 proposes a change to § 2D1.1 and §2D1.11 of the United States Sentencing Guidelines. Once it is approved by Congress, the Amendment will generate a 2-level reduction in all offense levels found in §2D1.1 and §2D1.11 of the Guidelines, effective November 1, 2014.

Sergio Oliveros-Martinez brings this motion to reduce his sentence pursuant to the provisions of Amendment 782 as outlined under the requisite 1B1.10.

18 U.S.C. § 3582(c)(2) provides as follows:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 1B1.10 is the guidelines policy statement which implements 18 U.S.C. § 3582(c)(2). Subsection (c) of that policy statement lists amendments that are covered by the policy statement. And one of the amendments which is listed is amendment 782 to the guidelines.

Section 1B1.10

**§1B1.10.** <u>**Reduction in Term of Imprisonment as a Result of Amended Guideline Range**</u> (Policy Statement)

(a) <u>Authority</u>.—

(1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

Application of this amendment to the drug related offenses guideline in the present case results in a decrease of the base offense level resulting in a 2 point decrease decrease in the total offense level and a decrease in the resulting guideline range.

The Defendant , at the court's discretion will benefit in a reduction of his 168 month sentence.

During his brief time in prison he has maintained a disciplinary free record  The Defendant has begun to utilize the time wisely, while in prison. He has become involved some  of the classes offered  by the Bureau of Prisons and is on the waiting list for others.  Completed classes in Meditation, Walking again Obesity Overcomers and Spanish G.E.D. He anticipates participating  in Engllish as a Second Lanuguage  (E.S.L ) and parenting in Spanish and the 40 hours program in the following month of April, starting the 15th.

Defendant has maintained an infraction free record, no incident reports.   He maintains an Institutional Assignment in Food Service from four to twelve for the past seven months. He also attend church services  every Sunday from 8 to 10 am.

Defendant has the support of a close knit family who keeps in contact with him and looks forward to his return. They indicate a strong willingness to help him enter a successful reintergration process.

Defendant sentence  should be reduced by the 2 points from the base offense level and the guideline sentencing range which effected level35 and translated into a sentencing range of 168 months reduced by 2 points commensurate with Amendment 782 to 2D1.1 to a level 33, which would be translated into 135 months. The court imposed the present term at the low end of the guideline. The Defendant is of the hopes that the District Court will reduce the term to the low end of level 35. .

Based on the amendment to § 2D1.1, the Court should reduce the Defendant' sentence.  It follows from the discussion in the preceding section that the amendment alone justifies a reduction of  his term of imprisonment .

The Defendant in this case meets the criteria of the Amendment and should benefit from the retroactive Amendment It's also understood that the Judge who sentenced  the  Defendant  retains discretion and has the decision to grant the

Defendant a reduction and resentence him as if the new guideline was effective at the time of l1is original sentencing, which under the new sentencing guidelines, and 1B1.10(c) the Judge could also deny, or grant this motion. The Defendant ask that this Court grants this petition and reduce  his sentence.

In accordance with 18 U.S.C. § 3582(c)(2), a District Court is permitted to reduce a sentence "in the case of a Defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Section 3582(c)(2) is discretionary — and instructs the Court to "consider the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(2).

WHEREFORE PREMISES CONSIDERED, Petitioner prays that this Honorable Court will;

(a) Grant the Defendant Motion from a sentence reduction under Amendment 782,

(b) Reduce the Defendants' base offense level of 35 by two (2) points;

(c) Grant the Defendants' motion for a sentence from One Hundred Sixty-eight Months to a term of 135 months commensurate to the level two (2) points lower and at the low end of his new guideline offense level of 33 effected by Amendment 782, and

  Grant;

(d) Any other relied the Court deems just and proper to make.

Respectfully Submitted,

Dated this        day          , 2015

SERGIO OLIVEROS-MARTINEZ,
Pro se
Fed. Reg. No:17061-280
FCI FORT WORTH
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 15330
FORT WORTH, TX 76119

SERG

# 17001-800

FCI Fort Worth

P.O. Box 15330

Fort Worth, Tx. 76119

District Clerk
District Court
Southern District of Texas
1st Floor
410 South Cedar St
Pecos, Texas 75772

SCREENED BY CSO
APR 12 2015

Las Vegas PDSC 89199
FRI 10 APR 2015   PM