UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

PECOS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | )( | |
| | )( | |
| v. | )( | P-13-CR-388(5) |
| | )( | P-16-CVF-047 |
| SERGIO OLIVEROS-MARTINEZ. | )( | |

**GOVERNMENT'S RESPONSE TO MOVANT'S MOTION**
**TO VACATE, SET ASIDE OR CORRECT SENTENCE**

TO THE HONORABLE ROBERT A. JUNELL, SENIOR UNITED STATES DISTRICT COURT JUDGE:

On or about June 20, 2016, Sergio Oliveros-Martinez, filed a Motion pursuant to Title 28, U.S.C., Section 2255. This is the Government's response. Oliveros is referred to herein alternately as movant/Oliveros.

Procedural History:

1. Oliveros was indicted on August 15, 2013, in a two count indictment. Count One charged conspiracy to possess with intent to distribute marijuana. Count Two of the indictment charged Oliveros with aiding and abetting possession with intent to distribute marijuana. On October 31, 2013, the defendant entered a plea of guilty to Count One of the Indictment. Pursuant to the plea agreement, the government dismissed Count Two at sentencing, and the defendant waived his rights to appeal or collaterally attack his conviction or sentence, except for ineffective assistance of counsel and prosecutorial

1

misconduct of constitutional dimension.  Document 116, paragraph 2(c).   Defendant was sentenced on February 18, 2014, by Judge Robert A. Junell to a term of imprisonment of 168 months followed by a term of supervised release of 5 years.  The sentence was at the low end of the recommended guideline range.  No fine was imposed, but a special assessment of $100.00 was ordered.  Oliveros appealed the conviction and sentence. The appeal was dismissed as frivolous.  Document 23.  Defendant timely filed his motion for Habeas Corpus under Title 28, U.S.C., Section 2255 on June 20, 2016.

**Standard**:

2. Because guilty pleas have special force with respect to obtaining finality, collateral attack in those cases is reviewed in strictly limited circumstances.  Bousley v. United States, 523 U.S. 614, 621 (1998).  One of those circumstances is ineffective assistance of counsel.

3. The movant raises several points of error.  Each of those points is couched in terms of ineffective assistance of counsel.  To succeed on an ineffective assistance of counsel claim, the movant must show that (1) his counsel's representation fell below an objective standard or reasonableness, and (2) the counsel's deficient performance prejudiced the movant. *Strickland v. Washington,* 466 U.S. 668, 687 (1984), *U.S. v. Fields*, 761 F.3d 443,453 (5th Cir. 2014) citations omitted.  A strong presumption exists that counsel's conduct falls within a wide range of reasonable professional assistance.  *Id*, citations omitted.

4. "[A] defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome." *U.S. v. Fields*, 761 F.3d 443, 454, 461 (5th Cir. 2014) quoting

*Trottie v. Stephens,* 720 F.3d 231, 243 (5th Cir. 2013). Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness might say are largely speculative. To prevail on such a claim, the movant must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense. *Fields* at 461 quoting *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). Prejudice is established if there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Fields* at 454.

5. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible. *Blackledge v. Allison*, 431 U.S. 63, 73–74, 97 S. Ct. 1621, 1629, 52 L. Ed. 2d 136 (U.S. 1977), citations omitted.

**Ground One**:

6. Movant complains that his waiver in the plea agreement of his right to file a collateral attack under 28 U.S.C. Section 2255 was unknowing and without full knowledge of the rights that he was waiving. Document 233, p. 5.

7. The movant appears to complain that the waiver contained in his plea agreement should not include claims of ineffective assistance of counsel. Of course, the plea agreement did not obligate the Oliveros to waive his rights to collaterally attack ineffective assistance of counsel issues. See document 116 paragraph 2(c). Further, as a matter of law, a waiver of appellate rights is not effective as to ineffective assistance of counsel claims, so

movant's first issue, does not seem to allege any failure on the part of his counsel. Movant did not waive the right to file this motion alleging ineffective assistance of counsel. This appears to be a moot point, as each ground of error Oliveros raises is couched in ineffective assistance of counsel terms.

**Ground Two**:

8. Oliveros complains that his counsel was ineffective because defense counsel did not hold the government to its burden of proof with regard to the relevant conduct found in the Presentence Report ("PSR"). Document 159. Oliveros argues that his relevant conduct included criminal activity that was neither foreseeable nor within the scope of his agreement in the conspiracy. As an initial matter, Oliveros was found accountable for 1394.59 kilograms of marijuana. PSR, paragraph 23. Based on this finding by the probation officer, his total offense level was 35. PSR, paragraph 34. The movant does not seem to contest any the facts in the pre-sentence report. Rather, he seems to allege those facts do not add up to the relevant conduct found and that counsel was ineffective for failing to hold the government to its burden of showing that relevant conduct was within the scope of his agreement in the conspiracy and reasonably foreseeable.

9. The facts contained in the PSR show the defendant was properly found to be responsible for the amount of marijuana in paragraph 23. On June 16, 2013, HSI agents arrested co-conspirator Waldo. Waldo was found to be in possession of 598 kilograms of marijuana. Waldo was to deliver the marijuana to an unknown person in Indiana in exchange for $10,000. A passenger with Waldo, Menchaca-Romero, also told agents she was aware of the marijuana and it was to be delivered to Indiana. Menchaca was to act as a guide and interpreter during the transport of the marijuana. Waldo identified another co-

conspirator, Christina Chavez.  Chavez was arrested on July 14, 2016.  Chavez was driving the van previously identified by Waldo and that van contained 159.66 kilograms of marijuana.  Chavez stated she, Waldo and Menchaca-Romero were in daily contact in Mexico and were working with the same persons.  Chavez also stated her load of marijuana was destined for Indianapolis, Indiana.  Chavez agreed to cooperate and made a controlled delivery to the movant and others in Indianapolis.  The controlled delivery was made to a house occupied by Oliveros and two other co-conspirators.  Inside the house agents found 631 kilograms of marijuana, almost $8000 cash, six cell phones, various scales, and a probable drug ledger.  One of cell phones was claimed by Ontiveros and it was used to coordinate the controlled delivery.  The van used by Chavez to smuggle the marijuana was found to be purchased by "Arturo Garza-Soto."  Agents found in Ontiveros' possession two fake photo identifications with the name of "Arturo Garza-Soto.  PSR paragraphs 6-18.

10. Defense counsel objected to the relevant conduct found in the PSR.  The substance of the objection was that the 598 kilograms of marijuana possessed by Waldo was erroneously included in the relevant conduct. Defense counsel contended that the defendant could not know of the Waldo load and therefore it was outside of the defendant's agreement to distribute marijuana.  That objection was heard by the court and overruled.  Document 208, pp. 4-6.

11. The movant pleaded guilty to conspiracy to possess with intent to distribute marijuana.  Waldo told agents that he and Chavez were working with the same drug dealers in Mexico and was to deliver to the same location.  Document 201, p. 6.  Chavez confirmed that fact.  It is black letter law that one may be member of the conspiracy without

knowing all of the details of the unlawful scheme or the identities of all the other alleged conspirators. If the defendant understands the unlawful nature of the plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before or even the defendant played only a minor part. Pattern Jury Instruction 2.89, Fifth Circuit (2001).

12. USSG 1B1.3(a) (1)(B) directs how to calculate relevant conduct in a conspiracy case. A defendant is liable for relevant conduct for all reasonably foreseeable acts and omissions of others in the jointly undertaken criminal activity. Under this guideline, a defendant is accountable for the conduct of others (acts and omissions) that was both (A) in furtherance of the jointly undertaken criminal activity and (B) reasonably foreseeable in connection with that criminal activity. Note 2. To make this finding the court must first determine the scope of criminal activity that the defendant agreed to jointly undertake and the conduct of others that was both in furtherance of, and reasonably foreseeable in connection with the criminal activity under taken by the defendant. *Id*. Common Scheme or Plan is also explained in Note 9. For two or more offenses (here the Waldo load, the Chavez load and the marijuana found at movant's residence), "to constitute part of a common scheme or plan, they must be substantially connected to each other by at least one common factor; such as … common accomplices, common purposes, or similar *modus operandi*." Note 9. The sentencing judge adopted the facts stated in the PSR and considered the argument of counsel, and found that Waldo's marijuana was properly included in the relevant conduct. Document 208, p. 6.

13. The movant does not point to a single piece of evidence to show that his counsel failed to adequately present and argue this point or that would have changed the result.  The movant simply says, "[T]hat his role did not encompass of the amounts in the conspiracy." Document 233, p. 9.  As noted above, a convicted conspirator is liable for acts within the scope of the conspiracy which are reasonably foreseeable.  His counsel adequately raised and argued this issue (standard of objectively reasonable attorney) and the court overruled it based on the evidence (no prejudice).  Oliveros has not met his burden to show either prong of the *Strickland* standard regarding this allegation.  To the contrary, the evidence established common accomplices, common purposes and similar *modus operandi*.  Certainly the record contains evidence that a conspirator to deliver marijuana in the quantities addressed here could foresee that there is likely more than one courier of the contraband.  No new facts are alleged that could of, should of, been addressed by defense counsel to support the allegations of ineffectiveness.

**<u>Ground Three:</u>**

14. Movant complains of inadequate investigation by defense counsel on two points.  First he claims that that his counsel should have investigated movant's role in the offense and that such an investigation would have shown that movant was not a leader/organizer.  Second, movant claims that his counsel should have investigated the enhancement for maintaining premises for the purpose of distributing a controlled substance and such an investigation would have shown the premises was not maintained for the purpose of distributing a controlled substance.  In the PSR, Movant received enhancements for being a leader/ organizer of 4 points, and for maintaining a premises for the purpose of distributing a controlled substance. PSR, Paragraphs 26 and 29.

15. Movant does not point to a single witness who would testify favorably on either issue. Because of this deficiency, Oliveros' claim of insufficient investigation fails. "[A] defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome." *U.S. v. Fields*, 761 F.3d 443, 454, 461 (5th Cir. 2014) quoting *Trottie v. Stephens,* 720 F.3d 231, 243 (5th Cir. 2013). Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness might say are largely speculative. To prevail on such a claim, the movant must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense. *Fields* at 461, quoting *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009).

16. Nevertheless, Defense counsel raised both these issues at sentencing. Defense counsel objected to the 2 level increase for maintaining a premises for the purpose of distributing a controlled substance. That issue was heard and rejected by the sentencing judge. Document 208, pp. 6-10. Movant does not point to any witness or witness that would have changed the outcome. Defense counsel objected to the 4 level upper adjustment Oliveros received in paragraph 29 of the PSR for being a leader or organizer. Again, the sentencing judge heard that objection and considered the PSR. The objection was granted in part and denied in part. The court ruled that because there was no evidence the movant recruited anyone into the criminal activity he was not a leader/organizer. But the court also found, based on the record, he was a manager or supervisor in a criminal activity that involved 5 or more participants. The court then granted a 1 level departure.

So even the record shows that defense counsel raised and argued the very issues movant complains of and was partially successful. Movant has not shown deficient performance or prejudice as required.

**Ground Four**:

17. Movant complains that the cumulative effect counsel' performance and throws a laundry list of allegations at his defense counsel. While somewhat confusing the alleged omissions of defense counsel appear to be:

a. Failure to investigate and advocate;

b. Failed to advise on the collateral consequences of deportation;

c. The sentencing court treated the guidelines as mandatory and ignored mitigating factors;

d. Failure to move for a downward departure or variance under Title 18 U.S.C. 3553(a) factors.

18. Taking each of these perceived wrongs in turn, the issue of failure to investigate is dealt with in Ground Three above. Movant does not state with specificity what the investigation would have revealed or how it would have altered the outcome of the trial. *Fields* at 454. As to advocacy, again, movant does not specify what advocacy was deficient. It is his burden to show his counsel's representation fell below a standard of reasonableness and the deficient performance prejudiced him. A strong presumption exists that counsel's performance fell within a wide range of professional competence. A bare assertion of inadequate advocacy does not meet either prong.

19. Further, the record shows strong advocacy at the sentencing hearing. Defense counsel objected to Paragraph 26, the 2 level enhancement for maintaining a stash house. Defense counsel argued that movant was merely a resident of the house, he was not the

9

owner and that he had only lived there a short period of time.  The government responded that some of the marijuana was found in movant's room, that two loads of marijuana were destined for this house, that almost $8000 cash was found in the house along with various scales, six cell phones, and a probable drug ledger. PSR paragraphs 6-18.  The defendant's last legitimate employment was apparently as a traffic officer in Mexico from 1990-1998.  PSR paragraph 51.  The court considered defense counsel's advocacy and ruled against the defendant citing the factors the court considered important.  Among the factors considered was if the defendant controlled access to, or activities at the house.  The court examined the record and found it was sufficient.  The movant does not point with specificity to any further advocacy or evidence that his defense counsel could have used to change the outcome.  He has not carried his burden.

20. The movant then makes a claim that he was not advised of the collateral consequence of removal/deportation.  This allegation defies the record and logic.  The defendant entered into a plea agreement with the government.  The plea agreement advises the movant in no uncertain terms that his plea of guilty might adversely affect his ability to remain in the United States.  Movant, under oath, testified that he understood his plea agreement, that it was read to him in Spanish and he freely and voluntarily signed it.  Document 216, p. 8.  At his plea hearing, Magistrate Judge B. Dwight Goains inquired if the movant understood the immigration consequences of his guilty plea.  After determining Oliveros was not a United States citizen, J. Goains inquired if Oliveros had talked with his attorney about the immigration consequences of his plea on his immigration status.  Oliveros stated, "yes."  Oliveros testified that he understood that his plea of guilty might lead to his deportation/removal and that he might never be able to return to the United

States legally, along with other adverse immigration consequences.  Oliveros testified that, knowing all of the possible adverse immigration consequences of his plea, he still wanted to plead guilty.  Document 216, pp.12-13.

21. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible. *Blackledge v. Allison*, 431 U.S. 63, 73–74, 97 S. Ct. 1621, 1629, 52 L. Ed. 2d 136 (U.S. 1977), citations omitted.

22. The next two cumulative errors can be dealt with together.  First, the sentencing judge considered the objections, granted one in part, and denied it in part.   After considering the objections, defense counsel asked for a downward departure or variance. Defense counsel asked the court to take into consideration the sentences received by co-defendants in the same case, among other things.  The court asked the government to explain the disparity of sentences given to other defendants.  After the government's explanation as to the sentences of the co-defendants and co-conspirators, the court chose not to vary and stated on the record that he found the guidelines fair and reasonable.  No evidence exists that the sentencing judge treated the guidelines as mandatory or that defense counsel failed to move for a variance. In fact, the record shows just the opposite.  The record shows that defense counsel requested a variance pursuant to the Title 18, U.S.C. Section 3553(a) factors, and those factors were considered and rejected.  Document 208, pp. 14-18.  Movant's bare accusations, under these facts and record do not overcome the strong presumption of effectiveness set out in *Strickland* and its progeny.

23. Oliveros is not entitled to an evidentiary hearing.  In a Section 2255 proceeding, an evidentiary hearing is not required if the files and records of the case conclusively show that the prisoner is entitled to no relief.  *Fields* at 483.  Here, since the record and the written submissions are sufficient to dispose of each ground of relief requested, no hearing is required.  Oliveros has not met his burden on any ground raised.  The waiver of collateral attack does not stop his allegations of ineffective assistance of counsel.  Defense counsel raised the relevant conduct issue he complains of, presented it and argued it.  Movant's complaint seems to be more that it was unsuccessful rather than ineffective.  Oliveros does not allege with specificity any short comings in the investigation as required.  Only bare assertions related to cumulative effects related in Ground Four are alleged, and each of those assertions are belied by the record.  Movant's claims are sufficiently rebutted by the filings and the record an evidentiary hearing is unnecessary.

Wherefore, Premises Considered, the United States prays that the Movant's Motion for Section 2255 relief be in all things denied without an evidentiary hearing.

    Respectfully submitted,

    Richard Durbin,

    United States Attorney


    *Monty Kimball*  /s/

    Monty Kimball

    Assistant United States Attorney

    2500 N. Hwy 118, Ste. A200

Alpine, Texas 79830

432-837-7332

432-837-7449 facsimile

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was mailed via certified mail, return receipt requested to the following non-CM/ECF participant.

Sergio Oliveros-Martinez

FCI Fort Worth

Federal Correctional Institution

P.O. Box 15330

Fort Worth, Texas 76119