WESTERN DISTRICT OF TEXAS
PECOS DIVISION

**FILED**
SEP 2 8 2016
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

UNITED STATES OF AMERICA, )
    Respondent(s), )
) Cause No.: 4:13-cr-00388-RAJ-5
)
vs. )
) Civil Action No: 14-50204
)
SERGIO OLIVEROS-MARTINEZ , )
    DEFENDANT. )
)
)

## MOVANT'S REPLY TO GOVERNMENT'S RESPONSE TO MOVANT'S MOTION FILED UNDER TITLE 28 U.S.C. TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

COMES NOW, OLIVEROS-MARTINEZ, hereinafter referred to as Movant, in pro se in the above styled and entitled cause of action, who respectfully files this Reply to the government's Response to her motion filed under Title 28 U.S.C. Section 2255.

The government has responded to the Movant's motion raising the issue of ineffective assistance of counsel by raising issue of procedural bar, claiming that the issue cannot be raised in a collateral proceeding. Movant contends that venue is proper in this case and that she is not precluded from bringing this issue in this forum.

Case law supports the movant's contentions that her issue is properly raised before the district court in c collateral proceeding see: **MASSARO V. UNITED STATES (01-1559)** 538 U.S. 500 (2003)
**27 Fed. Appx. 26, reversed and remanded,** *Held:* An ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under §2255, whether or not the petitioner could have raised the claim on direct appeal. Requiring a criminal defendant to

LEAVE TO REPLY

bring ineffective-assistance claims on direct appeal does not promote the procedural default rule's objectives: conserving judicial resources and respecting the law's important interest in the finality of judgments. Applying that rule to ineffective-assistance claims would create a risk that defendants would feel compelled to raise the issue before there has been an opportunity fully to develop the claim's factual predicate, and would raise the issue for the first time in a forum not best suited to assess those facts, even if the record contains some indication of deficiencies in counsel's performance. A §2255 motion is preferable to direct appeal for deciding an ineffective-assistance claim. A defendant claiming ineffective counsel must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial. **Strickland v. Washington, 466 U.S. 668**. The evidence introduced at trial, however, will be devoted to guilt or innocence issues, and the resulting record may not disclose the facts necessary to decide either prong of the *Strickland* analysis. Under the rule announced here, ineffective-assistance claims ordinarily will be litigated in the first instance in the district court, the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial. The court may take testimony from witnesses for the defendant and the prosecution and from the counsel alleged to have rendered the deficient performance.

In addition, the §2255 motion often will be ruled upon by the district judge who presided at trial, who should have an advantageous perspective for determining the effectiveness of counsel's conduct and whether any deficiencies were prejudicial. In the case at bar, the District Court advised the Movant to pursue some of the issues raised before him in a 225 motion.

Statistically, Ineffective assistance of counsel claims are rarely pursued on direct Appeal, for the simple reason that they almost always require the development of facts beyond the appellate record. When such claims are raised on direct appeal, "in the vast majority of cases, the undeveloped record on direct appeal will be insufficient for an appellant to satisfy the dual prongs of **Strickland**."

LEAVE TO REPLY

This necessarily means that in pursuing a claim of ineffective assistance of trial counsel, the habeas applicant will *not* have the benefit of a lawyer's previous work, or of a record already adequate to allow him to present his *pro se* arguments meaningfully in an attempt to persuade the habeas court to exercise its discretion to examine the merits. He is effectively on his own as surely as the direct appellant in without the benefit of counsel's knowledge and skill in trying to raise a complex claim in what was realistically the first available judicial forum.

Claims of ineffective assistance of counsel are raised initially by motion in district court. In most cases, it's inappropriate to raise the issue on direct appeal. Ineffective assistance claims must be sufficiently substantiated in the trial court and an appropriate record made. Pre-trial claims of ineffective assistance of counsel are reviewed on a different standard than post-trial claims.

If a defendant claims before trial that counsel was ineffective in investigation, preparation, or for some other substantial reason, the trial court has a constitutional duty to conduct an inquiry sufficient to determine the truth and scope of the defendant's allegations. The court must make on-the-record findings sufficient to permit meaningful review on the issue of the ability and preparedness of counsel to render effective assistance under the prevailing circumstances.

As the court opined in <u>Galloway</u>, Thus, even if the record appears to need no further development, the claim should still be presented first to the district court in collateral proceedings (which can be instituted without delay) so the reviewing court can have the benefit of the district court's views. See **United States v. Washington**, 11 F.3d 1510, 1518 (10th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 1404, 128 L.Ed.2d 76 (1994); **United States v. Kay,** 961 F.2d 1505, 1508 (10th Cir.1992); Beaulieu, 930 F.2d at 808; Osborn v. Shillinger, 861 F.2d 612, 626 (10th Cir.1988).

LEAVE TO REPLY

The Tenth Circuit Court of Appeals has stated that, ordinarily, "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal." United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). Accordingly, "[s]uch claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." Id. As we noted in Galloway, the reason for this rule is straightforward:

> A factual record must be developed in and addressed by the district court in the first instance for effective review. Even if evidence is not necessary, at the very least counsel accused of deficient performance can explain their reasoning and actions, and the district court can render its opinion on the merits of the claim.

Id. (footnote omitted). This rule "encourages development of a record on the tactical reasons for trial counsel's decisions, the extent of trial counsel's alleged deficiencies, and the asserted prejudicial impact on the outcome of the trial." Beaulieu v. United States, 930 F.2d 805, 807 (10th Cir. 1991), overruled in part by Galloway, 56 F.3d at 1241. Thus, while ordinarily the procedural bar rule of United States v. Frady, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), applies to section 2255 proceedings, see United States v. Allen, 16 F.3d 377 (10th Cir.1994), we hold that it does not apply to ineffective assistance of counsel claims. See United States v. DeRewal, 10 F.3d 100, 101 (3d Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 1544, 128 L.Ed.2d 196 (1994).

*In addressing whether* or *not this claim is properly raised in collateral attack, see further the court's holding in* **Massaro v. United States,** ___U.S. __, 123 S.Ct. 1690 (2003). In **Massaro**, the Supreme Court considered a Second Circuit rule, originally set forth in **Billy-Elko v. United States**, 8 F.3d 111 (2d Cir. 1993), requiring that a criminal defendant raise ineffective-assistance claims on direct appeal when the defendant is represented by new counsel on appeal and the ineffective assistance claim is based solely on the record

LEAVE TO REPLY

made at trial, and further providing that a party's failure to do so ordinarily results in the claim being procedurally barred, absent a showing of cause and prejudice.

The Supreme Court reversed, refusing to adopt the Second Circuit's rule. However, although the Court held that ineffective assistance of counsel claims should ordinarily be brought in a collateral proceeding under 28 U.S.C. § 2255, the Court recognized certain situations in which such claims would be appropriately considered on direct appeal. *Id.* at 1696. Specifically, the Court stated:

> "We do not hold that ineffective-assistance claims must be reserved for collateral review. There may be cases in which trial counsel's ineffectiveness is *so apparent* from the record that appellate counsel will consider it advisable to raise the issue on direct appeal. There may be instances, too, when obvious deficiencies in representation will be addressed by an appellate court *sua sponte*."

*Id.* (emphasis added); *see also* United States v. Gallegos, 108 F.3d 1272, 1279-80 (10th Cir. 1997) (stating that where claim of ineffective assistance is well-documented in the record and where defendant asserted her claim at trial and in a post-trial motion that was ruled on by the district court, the court would review her claim on direct appeal); United States v. Carter, 130 F.3d 1432, 1442 (10th Cir. 1997) (noting that where the record has been sufficiently developed by the district court, the court of appeals "can agree to consider the claim on direct appeal").

In **United States v. Cronic**, 466 U.S. 648, 667 n.42 (1984). There are two reasons for this position: (1) if the same lawyer represented the defendant both at trial and on appeal, it is unrealistic to expect the lawyer to argue on appeal that his own performance at trial was ineffective; and (2) resolution of claims of ineffective assistance of trial

LEAVE TO REPLY

counsel often requires consideration of matters that are outside the record on direct appeal and that should be considered by the district court in the first instance. If a claim of ineffective assistance of trial counsel is supposed to be raised on collateral attack under Section 2255, a failure to raise such a claim on direct appeal would not constitute a procedural default. In that event, the defendant need not establish "cause" for that failure in order to present a claim of ineffective assistance of trial counsel in a motion under 28 U.S.C. 2255.

WHEREFORE PREMISES CONSIDERED Movant asserts that the Section 2255 is proper venue for bringing this claim of ineffectiveness of counsel and prays that the court will go forward to consider her claims for relief.

Respectfully Submitted,

Dated this ___th day of ___ 2016.

SERGIO OLIVEROS-MARTINEZ
Prose
Fed. Reg, 17061-280
FCI FORT WORTH
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 15330
FORT WORTH, TX 76119

LEAVE TO REPLY

CERTIFICATE OF SERVICE

Civil Action No: 14-50204

I, SERGIO OLIVEROS-MARTINEZ, hereby certify that on this 10th day of September 2016, I have caused to be served a true and correct copy

MOTION FOR LEAVE TO REPLY

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston v. Lack 101 L.Ed. 2d 245 (1988), upon the court and parties to litigation and their attorneys of record, by placing same in a sealed, prepaid envelope with sufficient postage attached thereto to carry same to its destination, addressed to:

**Monty Kimball**

Assistant U.S. Attorney

2500 North Highway 118

Suite A-200

Alpine, TX 79830

and deposited same in the "Blue" legal mail deposit box at the FEDERAL CORRECTIONAL INSTITUTION, P.O. BOX 15330, FORT WORTH, TX 76119.

I have read the foregoing and state the facts under personal knowledge are true and correct.

LEAVE TO REPLY

Executed, under penalty of perjury pursuant to Title 28 U.S.C. Section 1746.

*[signature]*

SERGIO OLIVEROS-MARTINEZ
Prose
Fed. Reg, 17061-280
FCI FORT WORTH
FEDERAL CORRECTIONAL
INSTITUTION
P.O. BOX 15330
FORT WORTH, TX 76119

LEAVE TO REPLY